STATE EX REL. CARLO D. FABBOZZI *v.* HELEN E. PLUMB,
TOWN CLERK OF TRUMBULL

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued January 9—decision released February 25, 1975

*William F. Gallagher,* with whom was *Anthony A. Piazza,* for the appellant (plaintiff).

*Arthur D. Friedman,* with whom was *Arthur Levy, Jr.,* for the appellee (defendant).

PER CURIAM. This appeal was taken from a judgment of the Court of Common Pleas which denied the plaintiff's petition for a writ of mandamus to require the defendant town clerk to issue certification of petitions for a referendum for a special election to approve or reject legislation adopted by the Trumbull town council.

The Trumbull town charter makes provision for such a referendum upon the filing with the town clerk of a petition signed by at least 10 percent of the electors requesting that "such specific legislative action" be submitted to a referendum, and that referendum petitions "need not contain the text of the specific measure sought to be rejected but the substance of such specific measure shall be set forth therein." The charter also provides that each page

of a petition shall contain a statement, signed under penalties of perjury by the person who circulated the same, containing the circulator's name and address as well as further information and that "[a]ny page of a petition which does not contain such a statement by the circulator shall be invalid."

The record discloses that on October 30, 1972, the town council adopted two separate legislative acts. One appropriated funds for the construction of a central library building. Another appropriated funds for the construction of a golf course. The petitions submitted to the town clerk did not ask for a separate referendum on each of the two legislative acts but petitioned "that the action taken by the Trumbull Town Council on Monday, October 30, 1972 in appropriating the funding for the central library and the golf course in the amounts of $985,000 and $800,000, respectively, be placed on ballot for referendum to enable the electors to register an approval or disapproval of this action." Furthermore, the petitions did not contain the required statement of the circulator.

The town clerk was authorized by the town charter to certify whether the petitions were "sufficient for the purpose intended." She certified that they were not sufficient and the plaintiff in the present action sought a writ of mandamus ordering her to issue certification and submit "the measures" to a special election.

The court concluded that two separate and distinct legislative actions were improperly joined in a single petition, that the petition was invalid since it did not contain the certificate of the circulator, and that the plaintiff had failed to offer any evidence and thus failed to prove that there was a clear, legal

duty owed to him which the defendant had failed to perform. It, accordingly, denied the petition for a writ of mandamus.

The record amply supports the findings and conclusions of the court.

There is no error.